IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL E. LAMB and<br>DONNA LAMB,<br><br>    Plaintiffs,<br><br>v.<br><br>DAIMLER TRUCKS NORTH<br>AMERICA, LLC d/b/a<br>FREIGHTLINER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 22-2037-KHV-KGG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **SHOW CAUSE ORDER**

Plaintiffs filed this federal court action bringing claims for personal injuries resulting from an alleged malfunction of a motor vehicle occurring in Kansas. (Doc. 1.) Plaintiffs allege that they are residents of Kansas. They further allege that Defendant is "a foreign limited liability company, organized and existing under the laws of the State of Delaware," authorized to do business in Kansas, with its principal place of business in Wilmington, Delaware. (*Id*., at 1.)

The Complaint alleges jurisdiction is proper over Defendant "pursuant to Kan. Stat. § 60-308 in that it committed a tortious act within the State of Kansas." (*Id*., at 2.) The Complaint continues that "[j]urisdiction is proper over Freightliner in that it placed a defective product into the stream of commerce such that exercise

1

of jurisdiction does not offend traditional notions of substantial justice." (*Id.*) Plaintiffs allege that venue "is proper in this judicial court upon 28 U.S.C. § 1391 as the acts complained of arose in this district." (*Id.*)

The Court surmises that Plaintiffs are alleging federal court diversity jurisdiction, although they do not cite to the appropriate federal statute nor do they reference the term "diversity." In this instance, the Complaint fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." ***Henderson ex rel. Henderson v. Shinseki***, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."

*Id.* (citation omitted).  If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." ***Grynberg v. Kinder Morgan Energy Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015).  Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

As stated above, the Complaint alleges that Plaintiffs are Kansas residents while Defendant that Defendant is "a foreign limited liability company, organized

and existing under the laws of the State of Delaware," authorized to do business in Kansas, with its principal place of business in Wilmington, Delaware.  (*Id*., at 1.)  This would be sufficient if Defendant was a corporation.  28 U.S.C. § 1332(c)(1); *Newsome*, 722 F.3d at 1267.  Because, however, Defendant is alleged to be an unincorporated association (in this case a limited liability company), its citizenship is determined by the citizenship of each of its members.  *Siloam Springs Hotel*, 781 F.3d at 1234.  Plaintiffs' Complaint is devoid of this information.  Thus, the Court cannot determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that within **30 days of the date of this Order**, Plaintiffs shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of the Defendant LLC and showing cause why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 1st day of February, 2022, at Wichita, Kansas.

                              /S KENNETH G. GALE
                              HON. KENNETH G. GALE
                              U.S. MAGISTRATE JUDGE