IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL E. LAMB and DONNA LAMB,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>DAIMLER TRUCK NORTH AMERICA LLC,  )<br>d/b/a FREIGHTLINER,  )<br>and  )<br>WABCO VEHICLE CONTROL SYSTEMS,  )<br>LLC, f/k/a MERITOR WABCO,  )<br>)<br>Defendants.  )<br>_____)  | CIVIL ACTION<br><br>No. 22-2037-KHV |

**MEMORANDUM AND ORDER**

Plaintiffs bring suit against Daimler Truck North America LLC ("DTNA") and WABCO USA LLC ("WABCO"). Plaintiffs allege that Michael Lamb sustained injuries while driving a Freightliner truck manufactured by DTNA, which had a defective collision safety system manufactured by WABCO. This matter comes before the Court on WABCO's Motion For Judgment On The Pleadings (Doc. #44) filed January 12, 2023, and Plaintiff Donna Lamb's Motion To Voluntarily Dismiss Without Prejudice (Doc. #49) filed February 2, 2023. For reasons stated below, the Court sustains both motions.

**Legal Standards**

Judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992). The Court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in plaintiffs' favor. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987); see Zinermon v. Burch, 494 U.S. 113, 118 (1990). The issue is not whether plaintiffs ultimately will prevail, but whether plaintiffs are entitled to offer evidence to support their

claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 (1984). The Court may dismiss a case for failure to state a claim only if it appears beyond a doubt that plaintiffs can prove no set of facts in support of their theory of recovery that would entitle them to relief. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

**Factual Background**

The Court assumes the veracity of the following facts from plaintiffs' complaint, drawing all reasonable inferences in plaintiffs' favor.

DTNA is a Delaware limited liability company authorized to do business in the State of Kansas. It manufactures, markets and sells commercial motor vehicles, including Freightliner branded vehicles.

WABCO is a Delaware limited liability company with its principal place of business in Michigan. It distributes collision mitigation systems which manufacturers like DTNA install in commercial vehicles.

Michael and Donna Lamb, husband and wife, are residents of Kansas. On or about February 20, 2020, Michael Lamb drove a 2019 Cascadia Freightliner which DTNA manufactured with a collision mitigation system from WABCO, on I-35 highway in Overland Park, Kansas. The collision mitigation system malfunctioned and suddenly self-braked, going from about 65 miles per hour to 20 miles per hour within the distance of one truck length because it improperly identified an approaching overpass as a solid structure blocking the roadway. The sudden stop propelled Michael Lamb into the steering wheel and caused his seat belt to violently yank him back into the seat, causing severe injury to his neck, back, right hip and left hand. Because of his injuries, he has undergone painful cervical surgery, medical procedures and treatments.

Plaintiffs originally sued DTNA on January 25, 2022, then joined WABCO as a defendant on September 15, 2022.  Complaint (Doc. #2) filed January 25, 2022; Second Amended Complaint (Doc. #24) filed September 15, 2022.

Plaintiffs bring the following causes of action against both defendants: (1) design defect, (2) manufacturing defect, (3) failure to warn, (4) negligence and (5) violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq.  Plaintiffs allege that the collision mitigation system was not properly designed and manufactured to differentiate approaching overpasses from items in the roadway and that the system lacked adequate instructions and warnings concerning such dangers.

Michael Lamb seeks damages including medical expenses, caretaking expenses, loss of earnings and future earning capacity, mental anguish, embarrassment, disfigurement, physical impairment and loss of enjoyment of life. Donna Lamb claims damages for loss of consortium. Plaintiffs also seek punitive damages.

On January 12, 2023, WABCO filed a Motion For Judgment On The Pleadings (Doc. #44), arguing that plaintiffs' complaint should be dismissed because (1) their claims are barred by the statute of limitations, (2) plaintiffs do not state a claim under the KCPA and (3) plaintiffs do not state a claim on behalf of Donna Lamb.

## Analysis

### I. Statute of Limitations

WABCO argues that the statute of limitations bars plaintiffs' claims because plaintiffs did not add it as a defendant until more than two years after the accident.  Unless a statutory exception applies, any products liability claims in Kansas must be brought within two years. K.S.A. §§ 60-3303(c), 60-513. Products liability claims include any claims brought to recover

3

for harm caused by the manufacture, design, installation, warnings or labeling of a product. K.S.A. § 60-3302(c).

The accident occurred on February 20, 2020. More than two years later, plaintiffs filed an amended complaint joining WABCO as a defendant.

Plaintiffs concede that the two-year statute of limitations bars their claims against WABCO for design defect, manufacturing defect, failure to warn and negligence. The Court therefore sustains WABCO's motion for judgment on the pleadings against plaintiffs for (1) design defect, (2) manufacturing defect, (3) failure to warn and (4) negligence.[1]

## II.   Kansas Consumer Protection Act

WABCO argues that plaintiffs do not state a plausible claim under the KCPA because plaintiffs have not stated with sufficient particularity the basis on which they are entitled to relief. Plaintiffs argue that they state a plausible claim under the KCPA and that the Court should apply a more lenient standard for the pleadings because plaintiffs allege fraud by omission.

To bring a cause of action under the KCPA, plaintiffs must allege that the parties meet the KCPA's definitions of "consumer" and "supplier," that the consumer and supplier were involved in a "consumer transaction," that the consumer sustained an injury from the supplier's alleged violations, and that the supplier's actions were deceptive or unconscionable. Robbins v. Dyck O'Neal, Inc., 447 F. Supp. 3d 1100, 1108 (D. Kan. 2020). This District has previously

---

[1] Plaintiffs also bring a claim under the KCPA, which has a three-year statute of limitations. WABCO argues that plaintiffs' KCPA claim is "particularly vague" and that "plaintiffs may not transform a product liability case into a KCPA case merely by labeling it as such." Defendant WABCO USA LLC's Brief In Support Of Its Motion For Judgment On The Pleadings (Doc. #45) filed January 12, 2023 at 4. WABCO argues that the proper statute of limitations on plaintiffs' KCPA claim is the two-year statute of limitations of the Product Liability Act. Because the Court grants judgment on the pleadings on plaintiffs' KCPA claim based on other grounds, this argument is moot.

explained that "claims under the [KCPA] are not precisely actions for fraud, however . . . the actions upon which a consumer may establish liability under the [KCPA] sound largely in fraud" and because of this, when plaintiffs fail to plead facts showing "deceptive or oppressive practices overreaching, intentional misstatements, or concealment of facts, there is no claim under the KCPA." Croyder v. Hetley, No. 16-2761-JAR-JPO, 2017 WL 2958452, at *3 (D. Kan. July 11, 2017) (internal quotations omitted). In other words, KCPA claims must be pleaded with particularity as required by Rule 9(b), "which generally requires a plaintiff to state the date, place, speaker, and contents of an alleged misrepresentation." Delcavo v. Tour Res. Consultants, LLC, No. 21-2137-JWL, 2021 WL 4453572, at *3 (D. Kan. Sept. 29, 2021) (Rule 9(b) applies to KCPA claims but applies more lenient standard for fraud by omission claims, "as the date and location of an omission can be difficult to pinpoint").

Plaintiff's second amended complaint alleges that WABCO engaged in prohibited conduct under the KCPA by misrepresenting the safety of the collision mitigation system, placing the defective collision mitigation system into the stream of commerce, intentionally failing to inform Kansas consumers of its defectiveness and/or danger and failing to warn of potential hazards associated with the collision mitigation system. Second Amended Complaint (Doc. #24) filed September 15, 2022 at 21.  Plaintiff also alleges that WABCO manufactured and installed the collision mitigation system which injured Michael Lamb, controlled the design of the system, determined when the system was ready to go to market and exercised substantial control over the warnings and instructions which accompanied the vehicles sold with the collision mitigation systems.  Plaintiffs allege that the warnings and instructions were inadequate, and that Michael Lamb's injury resulted from that inadequacy.  Id. at 6.

WABCO argues that plaintiffs "do not set forth with particularity the details of how WABCO USA made representations to them, or otherwise engaged in deceptive acts and practices regarding them" and instead "simply restate the various product liability allegations they have made and relabel those claims as KCPA claims." Defendant WABCO USA LLC's Brief In Support Of Its Motion For Judgment On The Pleadings (Doc. #45) filed January 12, 2023 at 9.  WABCO also argues that plaintiffs fail to allege that the parties meet the definition of "consumer" and "supplier" and were engaged in a consumer transaction.

Plaintiffs fail to state a claim under the KCPA.  Plaintiffs' amended complaint does not allege that plaintiffs are consumers, that WABCO is a supplier or that the parties were engaged in a consumer transaction. These terms have specific statutory definitions under the KCPA and plaintiffs bear the burden of alleging that these elements are met. Robbins, 447 F. Supp. 3d at 1108. Construing the complaint liberally, the Court may assume that WABCO is a "supplier," which K.S.A. § 50-624(l) defines as "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."  The complaint does not allege facts, however, from which the Court may infer that the parties engaged in a consumer transaction, which K.S.A. § 50-624(c) defines as "a sale, lease, assignment or other disposition for value of property or services within this state . . . to a consumer."  Plaintiffs do not allege that they purchased or leased the Freightliner or that they did so within the State of Kansas.  Plaintiffs merely allege that Michael Lamb "was driving a vehicle that had been fitted with . . . a collision mitigation system, manufactured by Defendant WABCO." Amended Complaint (Doc. #24) filed September 15, 2022 at 3.

Further, while plaintiffs correctly note that judges in this district have applied a more lenient standard under Rule 9(b) when a KCPA complaint alleges fraud by omission, plaintiffs' allegations that WABCO engaged in deceptive practices still do not satisfy Rule 9(b). The complaint alleges that WABCO misrepresented the safety of its collision mitigation system, that the system warnings and instructions were inadequate and that plaintiffs' harm resulted from that inadequacy. The complaint does not contain factual allegations about the content of the warnings and instructions which are allegedly inadequate. Without such detail, plaintiff's complaint is conclusory and does not survive even a lenient application of Rule 9(b)'s requirement that a complaint state with particularity the circumstances constituting fraud. Delcavo, 2021 WL 4453572 at *3 (plaintiff must state "contents of an alleged misrepresentation").

The Court therefore sustains WABCO's motion for judgment on the pleadings on plaintiffs' KCPA claim.

## III. Donna Lamb's Claim

WABCO argues that Donna Lamb does not state a claim for loss of consortium because such a right vests solely in Michael Lamb. See K.S.A. § 23-2605 ("Where, through the wrong of another, a married person shall sustain personal injuries causing the loss or impairment of his or her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in such person.").

Plaintiffs concede that Donna Lamb was improperly named as a plaintiff in this action. On February 2, 2023, Donna Lamb filed a Motion To Voluntarily Dismiss Without Prejudice (Doc. #49), moving to be dismissed as a named plaintiff in this action. The Court therefore grants her motion to be dismissed as a plaintiff.

**IT IS THEREFORE ORDERED** that is WABCO's Motion For Judgment On The Pleadings (Doc. #44) filed January 12, 2023 is **SUSTAINED** and Plaintiff Donna Lamb's Motion To Voluntarily Dismiss Without Prejudice (Doc. #49) filed February 2, 2023 is **SUSTAINED.** The following claims remain for trial:

1. Plaintiff Michael Lamb's design defect claim against DTNA;
2. Plaintiff Michael Lamb's manufacturing defect claim against DTNA;
3. Plaintiff Michael Lamb's failure to warn claim against DTNA;
4. Plaintiff Michael Lamb's negligence claim against DTNA; and
5. Plaintiff Michael Lamb's KCPA claim against DTNA.

Dated this 17th day of April, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

8