# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL E. LAMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 22-cv-2037-KHV-KGG |
| ) | |
| DAIMLER TRUCKS NORTH ) | |
| AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER
## GRANTING MOTION TO INTERVENE

Now before the Court is the Motion to Intervene filed by Ruan Transport Corporation (hereinafter "Movant" or "Ruan"). (Doc. 56.) For the reasons set forth herein, the Court **GRANTS** the motion.

## FACTUAL BACKGROUND

Plaintiff Michael Lamb ("Plaintiff" or "Lamb") alleges he sustained personal injuries resulting from motor vehicle collision on or about February 20, 2020. The matter is in federal court based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

At the time of the incident, Plaintiff was working for proposed Intervenor Ruan ("Intervenor" or "Ruan") and driving one of Ruan's tractor-trailer trucks, a 2019 Freightliner Cascadia ("the vehicle"). Plaintiff contends the vehicle stopped

1

suddenly and without warning because an alleged defect in the collision mitigation system detected an overpass. Plaintiff brings causes of action resulting from a design defect pursuant to the Kansas Product Liability Act (KPLA), K.S.A. 60-3301 *et seq.*, a manufacturing defect under the KPLA, failure to warn, negligence, and violation of the Kansas Consumer Protection Act (KCPA), K.S.A. § 50-623 *et seq*.

Defendant generally denies Plaintiff's allegations and intends to defend the design, manufacturing, and performance of the vehicle and its systems. Defendant also alleges that the vehicle at issue met or exceeded all applicable governmental standards, including the Federal Motor Vehicle Safety Standards.[1]

The present motion to intervene is brought by Ruan because it provided Plaintiff with medical care and workers' compensation benefits resulting from the incident pursuant to the Kansas Workers' Compensation Act and/or Missouri Workers' Compensation Act in an amount over $165,000.00. (*See* Doc. 56, at 2.) Ruan moves to intervene "pursuant to Fed.R.Civ.P. 24(a), Fed.R.Civ.P. 24(b), K.S.A. 44-504(b), R.S. Mo. § 287.150, L.R. 7.1, and L.R. 7.6, to protect its K.S.A. 44-504(b)-granted and R.S. Mo. § 287.150-granted subrogation, workers' compensation lien, and/or other interests." *Id*.

---

[1] Co-Defendant WABCO USA, LLC was recently granted judgment on the pleadings by the District Court and has been dismissed from the case. (Doc. 53.)

Neither Plaintiff nor Defendant filed a response to Ruan's motion to intervene. The time to do so has expired. D. Kan. Rules 6.1, 7.1.

## ANALYSIS

### I.  Legal Standard.

Federal Rule of Civil Procedure 24 allows two types of intervention: intervention as a matter of right under Rule 24(a) and permissive intervention under Rule 24(b). Under 24(a)(2), the movant must establish, upon a timely motion, that it "claims an interest relating to the property or transaction which is the subject of the action . . . the interest may as a practical matter be impaired or impeded; and . . . the interest may not be adequately represented by existing parties." **Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.**, 335 F.R.D. 330, 332-33 (D. Kan. 2020) (quoting **Kane Cnty., Utah v. United States**, 928 F.3d 877, 890 (10th Cir. 2019)). If Rule 26(a) applies, the Court "must" permit intervention. Fed.R.Civ.P. 24(a). Historically, the Tenth Circuit has taken a "liberal approach to intervention [as a matter of right] and thus favors the granting of motions to intervene." **W. Energy All. v. Zinke**, 877 F.3d 1157, 1164 (10th Cir. 2017).

Permissive intervention pursuant to 24(b), on the other hand, rests in the discretion of the trial court. The Court's discretion to grant or reject Rule 24(b) intervention is broader than that of Rule 24(a). **United States v. Albert Inv. Co., Inc.**, 585 F.3d 1386, 1390 (10th Cir. 2009) ("We review the denial of a motion to

3

intervene as a right de novo and denial of a motion for permissive intervention for an abuse of discretion."). Under Rule 24(b), the Court "may permit" intervention to anyone who "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b). The Court, in exercising its discretion, must determine whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* Ruan brings its motion on the basis of both Rule 24(a) and (b).

## II. Intervention as a Matter of Right.

### A. Timeliness of Motion.

Ruan moves to intervene as a matter of right, contending that it provided workers' compensation benefits to Plaintiff "who claims his work-related injuries were caused by actions or inactions of third-parties," the Defendant in this case. (Doc. 56, at 6.) The first element of the analysis of intervention as a matter of right under Rule 24(a) is whether the motion to intervene was filed in timely manner. In this regard, Ruan argues that it

> is seeking to intervene only six (6) months after Defendant WABCO filed it [sic] Answer to Plaintiff's Amended Petition in this case and less than a full six (6) months after the current scheduling order was entered. *See* Docs. # 34, 35, 36, and 43.

(*Id.*) Ruan continues that because

4

> it does not appear that mediation in this case has taken place yet, and given that mediation is both a key moment in this case's progression and a highly likely point in time when Ruan would need to be involved to protect its K.S.A. 44-504(b) and/or R.S. Mo. § 287.150 rights and interests, the instant Motion to Intervene is certainly timely.

(*Id.*)

Because neither Plaintiff nor Defendant has objected to the requested intervention on the basis of timeliness (or any other basis), the Court will not find the motion to be untimely. Further, the Court notes that the motion was filed approximately seven months before the discovery deadline. (Doc. 43.) This factor, therefore, weighs in favor of intervention.

### B. Interest in the Subject of this Action.

The second element of Rule 24(a)(2) requires Movant to demonstrate that it claims an interest relating to the subject of the action. To satisfy this requirement, Movant "bears a minimal burden to show that it has an interest that could be adversely affected by the litigation." **Everest**, 335 F.R.D. at 333 (citing **Kane Cnty.**, 928 F.3d at 891). However, this interest must be direct, substantial, and *legally protectable*. **Almeda Water & Sanitation Dist. v. Browner**, 9 F.3d 88, 90 (10th Cir. 1996) (emphasis added).

Ruan has an undisputed subrogation interest as to the compensation and medical aid it provided to Plaintiff. (Doc. 56, at 4.) Clearly, that interest would, or

5

could, be impaired by the outcome of this litigation.  Ruan's interest in its potential subrogation interest meets the direct, substantial, and legally protectable standard.

Ruan also claims a significant interest in how this Court interprets Kansas and Missouri statutes relating to the workers' compensation benefits and medical aid provided by it to Plaintiff.  (*Id.* (discussing K.S.A. § 44-504(b) and R.S. Mo. § 287.150).)  Ruan argues that pursuant to these statutes, it is "subrogated to the extent of the workers' compensation benefits and medical aid provided by it to Plaintiff … and has a protectable lien or other interest in and for those workers' compensation benefits it paid to Plaintiff." (*Id.*)  The Court finds that this is a direct, substantial, and legally protectable interest that meets the relevant legal standard.

    **C.**    **Adequate Representation.**

As to this factor, Ruan argues that its interests under K.S.A. 44-504(b) and/or R.S. Mo. § 287.150 are not adequately represented by the existing parties.  An outside party is properly represented "when the objective of the applicant for intervention is identical to that of one of the parties." ***Bottoms v. Dresser Indus., Inc.***, 797 F.3d 869, 872 (10th Cir. 1986).  In this regard, Ruan argues that if it is not allowed to intervene

> there is a more probably true than not risk that a settlement or Journal Entry of Judgment entered into by the parties would not fully and accurately represent and protect Ruan's K.S.A. 44-504(b) and/or R.S. Mo. §

>  287.150 subrogation and lien interests.  It is this precise
>  risk that K.S.A 44-504(b) and/or R.S. Mo. § 287.150
>  exist to prohibit from coming to fruition … .

(Doc. 56, at 7.)

In support of this argument, Ruan cites the cases of ***Estate of Taylor by and through Castleberry v. Fanuc Am. Corp.***, No. 20-1361, 2021 WL 5758493, *1 (D. Kan. Dec. 3, 2021) and ***McGhee v. Khalilov***, Case No. 21-CV-4048, 2021 WL 2516086 (W.D. Mo. June 17, 2021).  In ***Castleberry***, the District of Kansas held that the plaintiff's employer and workers' compensation insurer (that paid benefits as a result of the subject accident) both

>  have an interest in the damages sought by Plaintiff from
>  Defendants arising from the accident.  As non-parties, the
>  Intervenors' ability to protect their interests would be
>  impaired or impeded by their absence from the litigation.

2021 WL 5758493 at *2.  A similar result was reached by the ***McGhee*** court. 2021 WL 2516086, at *1, 3-5.

In addition, Ruan continues that

>  just as was true in ***Castleberry*** and ***McGhee***, this Court
>  should allow – for the same reasons as in those cases –
>  Ruan to intervene in this action pursuant to Fed.R.Civ.P.
>  24(a)(2) … .  This is especially true where intervention to
>  protect Ruan's subrogation and worker's compensation
>  lien rights and interests are rights granted to them by
>  statute, *See e.g.*, K.S.A. 44-504(b), where no current
>  party to this action will fully and accurately represent and
>  protect Ruan's K.S.A. 44-504(b) and/or R.S. Mo. §
>  287.150 subrogation and lien interests, and when no

7

> party to the above-captioned action will be in any way prejudiced by Ruan's intervention.

(Doc. 56, at 7-8.)

The Court agrees. Ruan's ability to protect its interests would be impaired or impeded if they are not allowed to intervene in this litigation. As such, all of the elements for intervention as a matter of right have been established.[2] Ruan's unopposed motion (Doc. 56) is, therefore, **GRANTED**.

    **IT IS SO ORDERED**

Dated at Wichita, Kansas, on this 19th day of July 2023.

    /S/ KENNETH G. GALE
    KENNETH G. GALE
    United States Magistrate Judge

---

[2] Because the Court has found intervention as a matter of right, it need not address the issue of permissive intervention pursuant to Rule 24(b).